

## NUMBER 13-14-00299-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

MARCUS ALLEN BERGH,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

## ORDER OF ABATEMENT

### Before Chief Justice Valdez and Justices Rodriguez, and Garza
### Order Per Curiam

Appellant's brief was originally due on August 13, 2014.   Pursuant to Texas Rule

of Appellate Procedure 38.8(b)(2), on August 19, 2014, the Clerk of the Court notified

appellant's counsel that the brief had not been timely filed.   Appellant's counsel filed a

motion for extension of time to file the brief until November 7, 2014, which was granted

by the Court. The brief was not filed and on November 14, 2014, the Clerk of the Court notified appellant's counsel that the brief had not been timely filed. Appellant's counsel filed a second motion for extension of time to file the brief which was granted by order to file the brief on or before February 2, 2015. The order notified counsel that no further extensions would be granted absent exigent circumstances. Counsel has nevertheless failed to file an appellate brief in this matter.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, email address, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental

clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of February, 2015.

3